IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ANDREW ANDERSEN,

    Plaintiff,

vs.

EDMUND J. BROWN, JR., et al.,

    Defendants.

No. C 11-03752 YGR (PR)

**ORDER DENYING INMATE MANCEBO'S MOTION FOR JOINDER**

(Docket no. 6)

Plaintiff Andrew Andersen has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Thereafter, Plaintiff Andersen filed an amended complaint.

Before the Court is inmate Mark C. Mancebo's motion entitled, "Motion to Join Plaintiff(s)." (Docket No. 6.) The Court construes inmate Mancebo's filing as a motion for joinder and, thus, it will consider whether he may be joined in this action, or whether he must proceed with his own separate action.

Rule 20(a) of the Federal Rules of Civil Procedure permits the joinder of plaintiffs in one action if: (1) the plaintiffs assert any right to relief arising out of the same transaction, occurrence, or series of transactions or occurrences, and (2) there are common questions of law or fact. *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997).

In the present action, inmate Mancebo fails to satisfy both the first and second prongs of the test for permissive joinder. The first prong, the "same transaction" requirement, refers to similarity in the factual background of a claim. In this case, Plaintiff Andersen and inmate Mancebo have alleged different violations at the hands of different defendants. Similar common allegations of constitutional violations does not, in and of itself, suffice to create a common transaction or occurrence. *Id.* at 1350; *see also Harris v. Spellman*, 150 F.R.D. 130, 132 (N.D. Ill. 1993) (allegedly similar procedural errors do not convert independent prison disciplinary hearings into same series of transactions or occurrences when hearings involved different incidents of purported misconduct raising different issues of law).

Inmate Mancebo also fails to satisfy the second prong of the test for permissive joinder --

1  common questions of law or fact.  Although Plaintiff Andersen's and inmate Mancebo's claims are
2  brought under the Constitution, the mere fact that the claims arise under the same general law does
3  not necessarily establish a common question of law or fact.  *Id.* at 1351.  Each claim is discrete,
4  involving not only different factual allegations, but potentially different legal issues, standards, and
5  procedures.  If Plaintiff Andersen's and inmate Mancebo's claims were to proceed in one action, the
6  Court still would be required to give each claim individualized attention.

7  Finally, the Court considers the procedural hurdles to joinder.  If Plaintiff Andersen and
8  inmate Mancebo proceed as a group, under Rules 7, 8, and 11 of the Federal Rules of Civil
9  Procedure, each of them must sign every filing made in this case on behalf of the group.  The failure
10 of any plaintiff to sign a particular pleading could be prejudicial to him and possibly subject his
11 claims to dismissal.  The Court is aware that the routine practices of prison life often prohibit or
12 delay communications between prisoners.  Because the Plaintiff Andersen's and inmate Mancebo's
13 allegations are factually and legally diverse, the Court is not inclined to accept multiple filings from
14 them in the same case, or to delay filing deadlines until they can each sign a single pleading.

15 This Court concludes that the interests of justice are not served by granting inmate
16 Mancebo's motion for joinder in this action.  Rule 20 is designed to promote judicial economy, and
17 reduce inconvenience, delay, and added expense.  *Id.*  Here, efficiency will not be promoted by
18 allowing Plaintiff Andersen and inmate Mancebo to bring a single case.  Avoidance of possible
19 prejudice to individual plaintiffs, delay reduction, and avoidance of confusion call for Plaintiff
20 Andersen's and inmate Mancebo's claims to proceed separately.  Therefore, permissive joinder of
21 inmate Mancebo in this action is DENIED without prejudice to inmate Mancebo filing his own
22 separate complaint with claims raised on his own behalf.

23 The Court will review Plaintiff Andersen's amended complaint in a separate written Order.
24 This Order terminates Docket No. 6.
25 IT IS SO ORDERED.
26 DATED: September 27, 2012

YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE