IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW ANDERSEN,<br><br>    Plaintiff,<br><br>  vs.<br><br>EDMUND J. BROWN, JR., et al.,<br><br>    Defendants. | No. C 11-03752 YGR (PR)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO SCREEN AMENDED COMPLAINT PURSUANT TO 28 U.S.C. § 1915A; AND DISMISSING AMENDED COMPLAINT WITH LEAVE TO AMEND**<br><br>(Docket Nos. 20, 22) |

Plaintiff Andrew Andersen, a state prisoner currently incarcerated at the California Training Facility ("CTF") filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Thereafter, Plaintiff filed an amended complaint. His motion for leave to proceed *in forma pauperis* has been granted.

Before the Court is Plaintiff's request for the Court to screen the amended complaint under 28 U.S.C. § 1915A. Plaintiff's request (Docket Nos. 20, 22) is GRANTED.

For the reasons outlined below, the amended complaint is DISMISSED WITH LEAVE TO AMEND.

**BACKGROUND**

According to the amended complaint, Plaintiff was sentenced in 2006 to fifteen years to life in prison with the possibility of parole upon his conviction for "sex with a minor." (Am. Compl. at 3.) He has not had his initial parole suitability hearing because it is scheduled for November 2015. (*Id.*)

Plaintiff brings the instant § 1983 action for declaratory and injunctive relief challenging the constitutionality of California's parole procedures. Plaintiff has brought this action under 28 U.S.C. § 2201 as well; however, the proper avenue is under a § 1983 action. *See Wilkinson v. Dotson*, 544 U.S. 74 (2005) (prisoner may bring § 1983 action for declaratory and injunctive relief challenging constitutionality of state parole procedures). Specifically, Plaintiff makes the following three claims:

   [1] the State's criteria for suitability for parole is unconstitutionally vague;

[2] the State violates the constitution by not giving lifers sufficient notice of each lifer's requirements of suitability; [and]

[3] the State violates the constitution by systematically denying parole at the first hearing for the sole reason that it is the first hearing; [instead] the 'some evidence' standard of *Superintendent v. Hill*, 475 U.S. 445 should apply for parole suitability hearings.

(Am. Compl. at 2.) In essence, his amended complaint challenges California's parole system in general.

## DISCUSSION

### I. Standard of Review

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In some situations, a prisoner may challenge parole procedures in a civil rights action rather than a habeas action. In *Wilkinson*, the Court held that a prisoner may bring a § 1983 action for declaratory and injunctive relief challenging the constitutionality of state parole procedures, and is not always required to seek relief via a federal habeas petition. 544 U.S. at 76. *Wilkinson* concerns the form of action -- i.e., a civil rights complaint or habeas petition -- that can be used by prisoners to make certain legal challenges and did not create any substantive rights. As mentioned above the Court finds that Plaintiff's claims, as liberally construed below, may proceed in a civil rights action.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### II. Legal Claims

The Court combines Plaintiff's Claim 1 (vague parole suitability criteria) and Claim 2 (lack of sufficient notice regarding criteria), and construes them to allege that California's parole

2

procedures under California Penal Code § 3041 is unconstitutionally vague and violates due process.

California Penal Code § 3041 provides,

> (a) In the case of any inmate sentenced pursuant to any provision of law, other than Chapter 4.5 (commencing with Section 1170) of Title 7 of Part 2, the Board of Parole Hearings shall meet with each inmate during the third year of incarceration for the purposes of reviewing the inmate's file, making recommendations, and documenting activities and conduct pertinent to granting or withholding postconviction credit. One year prior to the inmate's minimum eligible parole release date a panel of two or more commissioners or deputy commissioners shall again meet with the inmate and shall normally set a parole release date as provided in Section 3041.5. No more than one member of the panel shall be a deputy commissioner. In the event of a tie vote, the matter shall be referred for an en banc review of the record that was before the panel that rendered the tie vote. Upon en banc review, the board shall vote to either grant or deny parole and render a statement of decision. The en banc review shall be conducted pursuant to subdivision (e).
>
> The release date shall be set in a manner that will provide uniform terms for offenses of similar gravity and magnitude with respect to their threat to the public, and that will comply with the sentencing rules that the Judicial Council may issue and any sentencing information relevant to the setting of parole release dates. The board shall establish criteria for the setting of parole release dates and in doing so shall consider the number of victims of the crime for which the inmate was sentenced and other factors in mitigation or aggravation of the crime.

Cal. Penal Code § 3041(a).

In compliance with the statutory mandate, the Board of Parole Hearings ("BPH") issued regulations which guide it in determining parole suitability for prisoners convicted of life offenses with parole eligibility. Specifically, Section 2402 of Title 15 of the California Code of Regulations sets forth the criteria for determining whether an inmate is suitable for parole. Section 2402(a) provides that "[r]egardless of the length of time served, a life prisoner shall be found unsuitable for and denied parole if in the judgment of the panel the prisoner will pose an unreasonable risk of danger to society if released from prison." Cal. Code Regs. tit. 15, § 2402(a). Section 2402(c) sets forth the circumstances tending to show unsuitability. The Court lists them below:

> (1) Commitment Offense. The prisoner committed the offense in an especially heinous, atrocious or cruel manner. The factors to be considered include:
>
> (A) Multiple victims were attacked, injured or killed in the same or separate incidents.
>
> (B) The offense was carried out in a dispassionate and calculated manner, such as an execution-style murder.
>
> (C) The victim was abused, defiled or mutilated during or after the offense.

3

>    (D) The offense was carried out in a manner which demonstrates an exceptionally callous disregard for human suffering.
>
>    (E) The motive for the crime is inexplicable or very trivial in relation to the offense.
>
>    (2) Previous Record of Violence.  The prisoner on previous occasions inflicted or attempted to inflict serious injury on a victim, particularly if the prisoner demonstrated serious assaultive behavior at an early age.
>
>    (3) Unstable Social History.  The prisoner has a history of unstable or tumultuous relationships with others.
>
>    (4) Sadistic Sexual Offenses.  The prisoner has previously sexually assaulted another in a manner calculated to inflict unusual pain or fear upon the victim.
>
>    (5) Psychological Factors.  The prisoner has a lengthy history of severe mental problems related to the offense.
>
>    (6) Institutional Behavior.  The prisoner has engaged in serious misconduct in prison or jail.

*Id.* § 2402(c).

Section 2402(d) sets forth the circumstances tending to indicated suitability and states that "[t]he circumstances are set forth as general guidelines; the importance attached to any circumstance or combination of circumstances in a particular case is left to the judgment of the panel." *Id.* § 2402(d).  These circumstances include:

>    (1) No Juvenile Record.  The prisoner does not have a record of assaulting others as a juvenile or committing crimes with a potential of personal harm to victims.
>
>    (2) Stable Social History.  The prisoner has experienced reasonably stable relationships with others.
>
>    (3) Signs of Remorse.  The prisoner performed acts which tend to indicate the presence of remorse, such as attempting to repair the damage, seeking help for or relieving suffering of the victim, or indicating that he understands the nature and magnitude of the offense.
>
>    (4) Motivation for Crime.  The prisoner committed his crime as the result of significant stress in his life, especially if the stress has built over a long period of time.
>
>    (5) Battered Woman Syndrome.  At the time of the commission of the crime, the prisoner suffered from Battered Woman Syndrome, as defined in section 2000(b), and it appears the criminal behavior was the result of that victimization.
>
>    (6) Lack of Criminal History.  The prisoner lacks any significant history of violent crime.
>
>    (7) Age.  The prisoner's present age reduces the probability of recidivism.

4

(8) Understanding and Plans for Future. The prisoner has made realistic plans for release or has developed marketable skills that can be put to use upon release.

(9) Institutional Behavior. Institutional activities indicate an enhanced ability to function within the law upon release.

*Id.*

A statute (or regulation) is void for vagueness "if it fails to give adequate notice to people of ordinary intelligence concerning the conduct it proscribes, or if it invites arbitrary and discriminatory enforcement." *United States v. Doremus*, 888 F.2d 630, 634 (9th Cir. 1989). The threshold question in a vagueness challenge is "whether to scrutinize the statute for intolerable vagueness on its face or whether to do so only as the statute is applied in a particular case." *Schwartzmiller v. Gardner*, 752 F.2d 1341, 1346 (9th Cir. 1984). Where speech or other constitutionally protected conduct is not the subject of a statute or regulation and is not otherwise implicated in the case and if related constitutional rights are not expressly invoked in a challenge to facial validity, the district court need only examine the vagueness challenge under the facts of a particular case and decide whether, under a reasonable construction of the statute or regulation, the conduct in question is prohibited. *United States v. Hogue*, 752 F.2d 1503, 1504 (9th Cir. 1985). Finally, "[i]n scrutinizing a statute for intolerable vagueness as applied to specific conduct, courts must 'take the statute as though it read precisely as the highest court of the State has interpreted it.'" *Schwartzmiller*, 752 F.2d at 1348.

In the present case, the Court finds that speech is in no way implicated. Accordingly, to state a colorable claim Plaintiff must demonstrate that the statute failed to give him reasonable notice regarding his parole eligibility. Simply stating in a conclusory manner that the criteria for suitability for parole is "unconstitutionally vague" is not sufficient. In addition, the Court finds unavailing Plaintiff's similarly conclusory argument that the State violates the constitution by not providing sufficient notice of the requirements of suitability to "lifers," like himself. As stated above, in compliance with the statutory mandate, the BPH issued regulations which guide it and § 2402 sets forth the criteria for determining whether an inmate is suitable for parole. These regulations guide the BPH in its application California's parole procedure under California Penal Code § 3041. Therefore, to succeed on his vagueness challenge Plaintiff must demonstrate that he did not have

notice that these factors would apply to him based on the circumstances of his commitment offense. Plaintiff has not made this showing. In fact, as mentioned above, Plaintiff has not yet had his first parole suitability hearing. Thus, it seems that Plaintiff's claim is premature because he has not been found to be unsuitable for parole. Therefore, Plaintiff cannot claim that he had no notice that a particular regulation would apply to him based on his personal history. Accordingly, Plaintiff's claim challenging § 3041 on vagueness grounds is DISMISSED. Similarly, Plaintiff's argument that § 3041 violates his right to due process is also DISMISSED. Plaintiff's arguments in support of his due process claim are identical to his aforementioned claim that the statute is unconstitutionally vague. The Court has discussed above what Plaintiff must plead in order to state a colorable claim challenging § 3041 on vagueness ground.

In Claim 3, Plaintiff appears to contend that parole authorities will improperly fail to apply California Penal Code § 3041(a) to all "lifers," him included, because "[t]here is close to a zero chance that the BPH will deem a lifer suitable for parole at the first hearing." (Am. Compl. at 4.) It seems that Plaintiff misunderstands California law. As mentioned above, pursuant to California Penal Code § 3041, BPH panel meets with an inmate one year before the prisoner's minimum eligible release date and shall normally set a parole release date. Cal. Penal Code § 3041(a). Significantly, that statute also provides that the panel

> . . . shall set a release date unless it determines that the gravity of the current convicted offense or offenses, or the timing and gravity of current or past convicted offense or offenses, is such that consideration of the public safety requires a more lengthy period of incarceration for this individual, and that a parole date, therefore, cannot be fixed at this meeting.

Cal. Penal Code § 3041(b). The statutory scheme places individual suitability for parole above a prisoner's expectancy in early setting of a fixed date designed to ensure term uniformity. *In re Dannenberg*, 34 Cal. 4th 1061, 1070-71 (Cal. 2005). Under state law, therefore, subsection (a) is not reached until after subsection (b). *See id*. Plaintiff's amended complaint indicates that he has not yet been found to be suitable for parole. Without a determination that the inmate is suitable for parole under § 3041(b), there is no reason for the BPH to reach § 3041(a) and determine that inmate's term and set a release date. As such, any claim that the BPH will improperly fail to apply § 3041(a) is DISMISSED.

Finally, the Court notes that the only named Defendant in this action is Governor Brown. Insofar as Plaintiff is attempting to sue the Governor for his decisions relating to whether or not to overturn findings of parole unsuitability, those claims are DISMISSED. The Governor's review of parole decisions regarding prisoners convicted of murder pursuant to his authority under Article V, § 8(b) of the California Constitution and California Penal Code § 3041.2 is functionally comparable to the role of a judge and, accordingly, he is entitled to absolute quasi-judicial immunity for that review. *Miller v. Davis*, 521 F.3d 1142, 1147 (9th Cir. 2008). It does not matter that the Governor may have acted in excess of his authority, as long as he did not act in the clear absence of all jurisdiction. *Id.* at 1148 (governor entitled to immunity for his review of parole decision regarding prisoner convicted of conspiracy to commit murder although governor's review authority limited to parole decisions regarding prisoners convicted of murder). If Plaintiff wishes to sue the Governor for another reason not related to the review of parole suitability decisions, then Plaintiff should include such allegations in his amended complaint. Again, the Court notes that Plaintiff's claims are premature because he has not yet had his first parole suitability hearing; therefore, there is no decision for the Governor to review at this time.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's request for the Court to screen the amended complaint under 28 U.S.C. § 1915A (Docket Nos. 20, 22) is GRANTED.

2. The amended complaint is DISMISSED WITH LEAVE TO AMEND. Within **twenty-eight (28) days** from the date of this Order, Plaintiff shall file a second amended complaint correcting the deficiencies of his claims as set forth above. Plaintiff must use the attached civil rights form, write the case number for this action -- Case No. C 11-3752 YGR (PR) -- on the form, clearly label it "Second Amended Complaint," and complete all sections of the form. Because this second amended complaint completely replaces the original and amended complaints, Plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.), *cert. denied*, 506 U.S. 915 (1992); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987); *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981). He may not incorporate material from the

original or amended complaints by reference. He must also specify whether he exhausted or was prevented from exhausting his administrative remedies with respect to any or all of those claims before filing this action. **Plaintiff's failure to file a second amended complaint by the twenty-eight day deadline will result in the dismissal of this action without prejudice.**

3. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

4. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **fourteen (14) days** prior to the deadline sought to be extended.

5. The Clerk of the Court shall send Plaintiff a blank civil rights form along with a copy of this Order.

6. This Order terminates Docket Nos. 20 and 22.

IT IS SO ORDERED.

DATED: September 24, 2013

                                        **YVONNE GONZALEZ ROGERS**
                                        **UNITED STATES DISTRICT COURT JUDGE**