IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ANDREW ANDERSEN,

    Plaintiff,

vs.

JEFFREY BEARD,

    Defendant.

No. C 11-03752 YGR (PR)

**ORDER OF DISMISSAL**

Plaintiff Andrew Andersen, a state prisoner currently incarcerated at Valley State Prison in Chowchilla, California, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Thereafter, Plaintiff filed an amended complaint in which he challenged California's parole procedures under California Penal Code § 3041 as unconstitutionally vague and in violation of due process. His motion for leave to proceed *in forma pauperis* has been granted.

Upon initial screening of his amended complaint, the Court dismissed it with leave to amend in an Order dated September 24, 2013.

Thereafter, Plaintiff filed a second amended complaint ("SAC").

For the reasons outlined below, the SAC is DISMISSED without further leave to amend.

**BACKGROUND**

The following background is taken from the Court's September 24, 2013 Order:

> According to the amended complaint, Plaintiff was sentenced in 2006 to fifteen years to life in prison with the possibility of parole upon his conviction for "sex with a minor." (Am. Compl. at 3.) He has not had his initial parole suitability hearing because it is scheduled for November 2015. (*Id.*)
>
> Plaintiff brings the instant § 1983 action for declaratory and injunctive relief challenging the constitutionality of California's parole procedures. Plaintiff has brought this action under 28 U.S.C. § 2201 as well; however, the proper avenue is under a § 1983 action. *See Wilkinson v. Dotson*, 544 U.S. 74 (2005) (prisoner may bring § 1983 action for declaratory and injunctive relief challenging constitutionality of state parole procedures). Specifically, Plaintiff makes the following three claims:
>
> [1] the State's criteria for suitability for parole is unconstitutionally vague;
> [2] the State violates the constitution by not giving lifers sufficient notice of each lifer's requirements of suitability; [and]
> [3] the State violates the constitution by systematically denying parole at the first

> hearing for the sole reason that it is the first hearing; [instead] the 'some evidence' standard of *Superintendent v. Hill*, [472 U.S. 445, 455 (1985)] should apply for parole suitability hearings.
>
> (Am. Compl. at 2.)  In essence, his amended complaint challenges California's parole system in general.

(Sept. 24, 2013 Order at 1-2.)

In dismissing his amended complaint with leave to amend, the Court found that "[s]imply stating in a conclusory manner that the criteria for suitability for parole is 'unconstitutionally vague' is not sufficient." (*Id.* at 5.)  The Court also found unavailing Plaintiff's similarly conclusory argument that the State violated the constitution by not providing sufficient notice of the requirements of suitability to "lifers," like himself. (*Id.*)  The Court explained that, "in compliance with the statutory mandate, the Board of Parole Hearings ("BPH") issued regulations which guide it and . . . set[] forth the criteria for determining whether an inmate is suitable for parole." (*Id.*)  The Court further explained that these regulations guide the BPH in its application of California's parole procedure under California Penal Code § 3041.  Therefore, the Court instructed Plaintiff that in order to succeed on his vagueness challenge, he "must demonstrate that he did not have notice that these factors would apply to him based on the circumstances of his commitment offense." (*Id.* at 5-6.)  The Court determined that Plaintiff had not made this showing.  In addition, because Plaintiff has not yet had his first parole suitability hearing, the Court noted that it seemed that his claim was premature.  Therefore, the Court dismissed with leave to amend Plaintiff's claim challenging § 3041 on vagueness grounds.  Similarly, Plaintiff's claim that § 3041 violated his right to due process was also dismissed because his arguments in support of his due process claim were identical to the aforementioned claim challenging § 3041 on vagueness grounds.

While the Court laid out what Plaintiff must plead in order to state a colorable claim challenging § 3041 on vagueness grounds, it dismissed without leave to amend Plaintiff's remaining claims relating to the BPH's failure to apply California Penal Code § 3041(a) to all lifers, and relating to suing the Governor for his role in reviewing parole suitability decisions.  The Court found that these claims were premature because Plaintiff had not yet had his first parole suitability hearing; therefore, there was "no reason for the BPH to reach § 3041(a) . . . and set a release date" and "no decision for the Governor to review at this time." (*Id.* at 6-7.)  The Court allowed Plaintiff to amend

his claim against the Governor -- who was the only named Defendant on the amended complaint -- if he wished to "sue the Governor for another reason not related to the review of parole suitability decisions." (*Id.* at 7.)

In his SAC, Plaintiff fails to amend the claims he originally included in his amended complaint to correct the aforementioned deficiencies. Instead, he raises new claims. Specifically, Plaintiff now states the following three claims:

> FIRST CLAIM
> 1. Defendant is in violation of the Due Process Clause of the Fourteenth Amendment of [the] United States Constitution by not providing Plaintiff a treatment program that is adequate and effective with the reasonable objective of rehabilitation and that meets the rehabilitation requirements of the BPH.
>
> SECOND CLAIM
> 1. Defendant is in violation of the Equal Protection Clause of the Fourteenth Amendment of [the] United States Constitution by not providing Plaintiff a treatment program that is constitutionally adequate for those sex offenders committed in civil proceedings in California.
>
> THIRD CLAIM
> 1. Defendant is in violation of the Due Process Clause of the Fourteenth Amendment of [the] United States Constitution by not providing Plaintiff a treatment program that is adequate and effective with the reasonable objective of rehabilitation that will give him a realistic opportunity to be cured or to improve his mental condition.

(SAC at 3-4.)

## DISCUSSION

**A.    Standard of Review**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In some situations, a prisoner may challenge parole procedures in a civil rights action rather than a habeas action. In *Wilkinson*, the Court held that a prisoner may bring a § 1983 action for

declaratory and injunctive relief challenging the constitutionality of state parole procedures, and is not always required to seek relief via a federal habeas petition. 544 U.S. at 76. *Wilkinson* concerns the form of action -- i.e., a civil rights complaint or habeas petition -- that can be used by prisoners to make certain legal challenges and did not create any substantive rights. In its September 24, 2013 Order, the Court found that Plaintiff's claims could proceed in a civil rights action.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

## B.     Plaintiff's Claims in SAC

First, as mentioned above, Plaintiff's SAC does not correct the deficiencies of the claims he included in his amended complaint. In fact, in his SAC, Plaintiff no longer raises a claim challenging § 3041 on vagueness ground; therefore, this claim is DISMISSED with no further leave to amend.

In addition, in its September 24, 2013 Order, that Court allowed Plaintiff to amend his claim against the Governor; however, Plaintiff has not listed the Governor as a Defendant in his SAC. Instead, Plaintiff now lists Jeffrey Beard, Secretary of the California Department of Corrections and Rehabilitation ("CDCR"), as the sole Defendant in his SAC. Therefore, all claims against the Governor are DISMISSED with no further leave to amend.

Finally, as explained below, Plaintiff's SAC fails to state a cognizable claim for relief. Plaintiff's three new claims all relate to his allegation that the CDCR unlawfully denies him the ability to qualify for parole as he is not able to participate in rehabilitation programs.

First, because Plaintiff does not state that he has actually been denied parole eligibility because of his inability to participate in rehabilitative programs, it is questionable whether he currently has standing to raise this claim. Standing is present only when (1) a plaintiff suffers an "actual or imminent" injury, (2) there is a "causal connection between the injury and the conduct complained of," and (3) that injury will likely be "redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992); *see also Gladstone Realtors v. Village of*

4

*Bellwood*, 441 U.S. 91, 99 (1979); *Fernandez v. Brock*, 840 F.2d 622, 623 (9th Cir. 1988); *Johnson v. Stuart*, 702 F.2d 193, 195 (9th Cir. 1983). Standing will not be found where speculative inferences are necessary to establish either injury or the connection between the alleged injury and the act challenged. *Simon v. Eastern Kentucky Welfare Rights Organization*, 426 U.S. 26, 45 (1976); *see also Johnson v. Weinberger*, 851 F.2d 233 (9th Cir. 1988). Such is the case here. Even more so because Plaintiff has not yet been denied parole as his first suitability hearing has not yet taken place. Second, Plaintiff possesses no constitutional right to participate in rehabilitation programs while incarcerated, *Hoptowit v. Ray*, 778 F.2d 527, 530 (9th Cir. 1985) (no right to vocational course for rehabilitation); *Rizzo v. Dawson*, 778 F.2d 527, 530 (9th Cir. 1985) (same), nor is his participation in such programs statutorily required for parole suitability. *See* Cal. Code Regs tit. 15, § 2281 (programming only one of several factors to be considered when determining suitability for parole). Accordingly, Plaintiff's due process claims relating to the CDCR's lack of rehabilitation programs for lifers are DISMISSED.

Finally, Plaintiff fails to present a valid equal protection claim. Plaintiff claims that the CDCR "does not allow lifers to participate in the rehabilitation programs" with the exception of the "Substance Abuse Program ("SAP") where lifers can participate in after denied parole at the first BPH hearing or after a parole date is set." (SAC at 2 (citing Ex. B).) Plaintiff further claims that he is "not classified as a substance abuser and SAP does not address sex offenses." (*Id.*) The SAC and attachments make clear that inmates sentenced to life who do not have a "established BPH release date" are considered ineligible to participate in a majority of the rehabilitation programs offered by the CDCR. (*Id.*) This practice of excluding inmates sentenced to life who do not have a parole date from participating in certain rehabilitation programs is *clearly* reasonably related to the legitimate penological interest of limiting participation to inmates who have a reasonable expectation in being released from prison. *See Turner v. Safley*, 482 U.S. 78, 89 (1987) (prison practice or regulation valid for equal protection purposes if reasonably related to legitimate penological interests); *see also Peck v. Hoff*, 660 F.2d 371, 372-73 (8th Cir. 1981) (inmate challenging his treatment with regard to other inmates must allege that his treatment is invidiously dissimilar to that received by other inmates in order to present equal protection claim). Accordingly, Plaintiff's equal protection claim

relating to the CDCR's lack of rehabilitation programs for lifers is DISMISSED.

In sum, the SAC does not cure the deficiencies that the Court identified in Plaintiff's amended complaint. In addition, the SAC does not state cognizable claims for relief. Therefore, the SAC is DISMISSED. The Court concludes that further leave to amend would be futile and will not be granted.

## CONCLUSION

For the foregoing reasons, the SAC is DISMISSED without further leave to amend, and this action is DISMISSED. The Clerk of the Court shall enter judgment, terminate all pending motions as moot (Docket No. 26), and close the file.

This Order terminates Docket No. 26.

IT IS SO ORDERED.

DATED:  1/21/14

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**