UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW ANDERSEN, | No. C 11-3752 YGR (PR) |
| Plaintiff, | **ORDER REVOKING *IN FORMA PAUPERIS* STATUS** |
| v. | |
| J. BEARD, | |
| Defendant. | |

This closed federal civil rights action, which is currently on appeal, was filed by a *pro se* state prisoner. In an Order dated January 21, 2014, the Court dismissed the instant case for failure to state a cognizable claim under 42 U.S.C. § 1983.

Plaintiff has been granted leave to proceed *in forma pauperis* ("IFP"). However, the Court notes that Plaintiff has since paid the full filing fee.

On January 31, 2014, Plaintiff filed a notice of appeal.

In a Referral Notice dated February 4, 2014, the Ninth Circuit Court of Appeals referred this case to the district court "for the limited purpose of determining whether [IFP] status should continue for this appeal whether the appeal is frivolous or taken in bad faith." (Ninth Circuit Feb. 4, 2014 Referral Notice at 1.)

A prisoner must seek leave to proceed IFP on appeal in the district court. *See* Fed. R. App. P. 24(a). As in the district court, a prisoner proceeding IFP on appeal will be required to pay the full filing fee. *See* 28 U.S.C. § 1915(b)(1).

If the district court finds that the appeal is frivolous and not taken in good faith and revokes IFP status, or if the prisoner never had such status and moves in the Ninth Circuit to proceed IFP, the Ninth Circuit will conduct an independent review of the record to determine whether the appeal is frivolous. The Ninth Circuit will decide whether to grant the prisoner IFP status. If IFP status is

denied by the Ninth Circuit, the prisoner will nonetheless be directed to pay the entire filing fee and to show cause why the appeal should not be dismissed as frivolous. *See id.* § 1915(e)(2).

Plaintiff is appealing this Court's Order which dismissed the complaint for failure to state a claim for relief. As such, this Court finds that the appeal is not taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3) and is therefore frivolous. *See* Fed. R. App. P. ("FRAP") 24(a)(3)(A); *Ellis v. United States*, 356 U.S. 674, 674-75 (1958); *Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous). Accordingly, Plaintiff's IFP status is hereby REVOKED.

The Clerk of the Court shall forthwith notify Plaintiff and the Court of Appeals of this Order. *See* FRAP 24(a)(4). Plaintiff may file a motion for leave to proceed IFP on appeal in the Court of Appeals within thirty days after service of notice of this Order. *See* FRAP 24(a)(5). Any such motion "must include a copy of the affidavit filed in the district court and the district court's statement of reasons for its action." *Id.*

IT IS SO ORDERED.

DATED: February 14, 2014

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**